

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

April 29, 1939

Hon. H. Edward Johnson
County Attorney
Hood County
Granbury, Texas

Dear Sir:

Opinion No. O-246
Re: Commissions allowed county
treasurer under Art. 3941,
R. C. S. 1925.

Your request for an opinion as contained in
your letter of April 20th has received the attention
of this Department. The following portion is taken from
your letter:

"In this county the county treasurers
salary is on a one per cent commission basis.
Recently the Commissioners Court of this
County passed an order to refinance certain
of their bonds, in order to obtain sufficient
funds for the purchase of a right of way for
a new State Highway. The County issued warrants
with which to purchase the right of way, fence
posts, truck hire, etc. and which warrants were
issued against the Road and Bridge Fund, and
which warrants were registered by the County
Treasurer. The county Treasurer was directed
not to write the checks to cover the warrants in
question, as these warrants were paid upon pre-
sentation by the holders thereof at a Bank in
Dallas County, Texas, thru the instructions of
an agency handling the financing of the war-
rants, and which funds in said Dallas County,
Texas, Bank were placed there by such agency
for such purpose. These warrants are to be
taken up later by interest bearing time warrants.

"Under the circumstances above related,
is the County Treasurer entitled to her usual
commission as stated above for the issuance
of such warrants and the expenditure of county
funds as evidenced by such warrants?

"There are also a number of interest bear-
ing time warrants issued by this county during
the years of 1936, 1937 and 1938 for certain
road machinery and these warrant are payable
out of the Road and Bridge Fund of this County.
These warrant are for various sums or denomina-
tions and the interest due on same is payable
on April 15th of each year. The agency handling
the refinancing of these warrants has given the
County Treasurer of this county instructions
not to pay these warrants but to submit them
to them for payment as they come due, and have
further refused to pay the County Treasurer her
commission for such expenditure of the county
funds.

"Under these circumstances, wouldn't the
County Treasurer be entitled to her commission
irrespective of who or what agency paid the
warrants in question?"

Article 3941, R. C. S. of Texas, 1925, relevant
to the commissions to be paid or allowed the county trea-
surer and which fixes the maximum rate allowable as com-
pensation to the county treasurer, reads in part as follows:

"....For receiving all moneys, other than
school funds, for the county, not exceeding
two and one-half per cent, and not exceeding
two and one-half per cent for paying out the
same; provided, that he shall receive no com-
missions for receiving money from his prede-
cessor nor for paying over money to his suc-
cessor in office."

In allowing commissions to the county treasurer
within the maximum amount authorized and upon the percentage
fixed, it will be noted that the above statute provides for

such commissions to be paid on "moneys" received and "moneys" expended. Under the recent order of your Commissioners' Court and such warrants issued, apparently, they are not issued for present payment against funds held in the Road and Bridge Fund, but payable from proceeds of bonds to be sold at a later date, and are mere evidence of indebtedness of the county and not intended to be a circulating medium as to any current funds of the county. Such warrants as mentioned, as well as those issued in 1936, 1937 and 1938 for certain road machinery, appear to be similarly classified, as evidence of the county indebtedness or obligations - no funds belonging to the county being used by such financing agency mentioned.

Under the decision of McKinney vs. Robinson, County Judge, 84 Tex. 489, which appears applicable to the above facts, such warrants as registered and described above do not constitute a disbursement of county funds or "moneys" paid out. As said in the McKinney case, supra,

> "Had the county executed its promise to pay in any other form a specified sum at a future date, it could not be contended that upon its delivery by the treasurer he would be entitled to commissions on it as for moneys paid out."

We respectfully advise that it is the opinion of this Department that a county treasurer is not entitled to commissions on scrip or warrants merely registered and to be converted later into time warrants and where such time warrants become due and are paid by funds of finance agency other than county funds, likewise, no commission is payable.

Trusting the above answers your question, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Wm. J. R. King
Assistant

WmK:AW

APPROVED:

ATTORNEY GENERAL OF TEXAS